IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 1:10cr201 |
| | ) | |
| AFGHAN TRADE | ) | |
| TRANSPORTATION, | ) | |
| Defendant. | ) | |

*FILED IN OPEN COURT JUN 2 5 2010 CLERK, U.S. DISTRICT COURT ALEXANDRIA, VIRGINIA*

## Plea Agreement

Neil H. MacBride, United States Attorney for the Eastern District of Virginia; Steve Linick, Special Assistant United States Attorney; Liam Brennan, Emily Allen and Mark Pletcher, Trial Attorneys, United States Department of Justice; defendant, AFGHAN TRADE TRANSPORTATION ("ATT" or "defendant"); and defendant's counsel, John Brownlee, entered into this agreement pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure. The terms of the agreement are as follows:

1.  **Offense and Maximum Penalties**

ATT, an "organization" as defined by 18 U.S.C. § 18, through its authorized agent, John Brownlee, attorney for the corporation, hereby agrees to waive indictment and plead guilty to an information charging one count of bribery (18 U.S.C. § 201). The statutory maximum sentence that the Court can impose for a violation of Title 18, United States Code, Section 201 is: (1) a fine of $500,000 or twice the gross gain or gross loss resulting from the offense, whichever is greatest, 18 U.S.C. §§ 201, 3571(d); (2) full restitution; (3) five years' probation, 18 U.S.C § 3561(c)(1); and (4) a mandatory special assessment of $400.00, 18 U.S.C. § 3013(a)(2)(B).

1

2. **Factual Basis for the Plea**

ATT will plead guilty because the defendant is in fact guilty of the charged offense. The defendant admits the facts set forth in the Statement of Facts filed with this Plea Agreement and agrees that those facts establish guilt of the offense charged beyond a reasonable doubt. The Statement of Facts, which is hereby incorporated into this Plea Agreement, constitutes a stipulation of facts for purposes of § 1B1.2(a) of the United States Sentencing Guidelines ("Sentencing Guidelines" or "U.S.S.G.").

3. **Assistance and Advice of Counsel**

The defendant understands that by entering into this agreement, defendant surrenders certain rights as provided in this agreement. The defendant understands that the rights of criminal defendants include the following:

    a.    the right to plead not guilty and to persist in that plea;

    b.    the right to a jury trial;

    c.    the right to be represented by counsel at trial and at every other stage of the proceedings; and

    d.    the right at trial to confront and cross-examine adverse witnesses, to be protected from compelled self-incrimination, to testify and present evidence, and to compel the attendance of witnesses.

4. **Role of the Court and the Probation Office**

The defendant understands that the Court has jurisdiction and authority to impose any sentence within the statutory maximum described above but that the Court will determine the defendant's actual sentence in accordance with 18 U.S.C. § 3553(a). The defendant understands that the Court has not yet determined a sentence and that any

estimate of the advisory sentencing range under the U.S. Sentencing Commission's Sentencing Guidelines Manual the defendant may have received from the defendant's counsel, the United States, or the Probation Office, is a prediction, not a promise, and is not binding on the United States, the Probation Office, or the Court.  Additionally, pursuant to the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220, 125 S. Ct. 738 (2005), the Court, after considering the factors set forth in 18 U.S.C. § 3553(a), may impose a sentence above or below the advisory sentencing range, subject only to review by higher courts for reasonableness.  The United States makes no promise or representation concerning what sentence the defendant will receive, and the defendant cannot withdraw a guilty plea based upon the actual sentence. The parties' agreement herein to any guideline sentencing factors constitutes proof of those factors sufficient to satisfy the applicable burden of proof.

5.        **Recommended Fine and Sentence**

In accordance with Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, the parties will jointly recommend, as the appropriate disposition of this case, that the Court impose a sentence requiring the defendant to pay the United States a criminal fine in the amount of $1,040,000.  The parties agree that there exist no aggravating or mitigating circumstances of a kind, or to a degree, not adequately taken into consideration by the U.S. Sentencing Commission in formulating the Sentencing Guidelines that would justify a departure pursuant to U.S.S.G. §5K2.0. The parties agree that the recommended sentence set forth in this Plea Agreement is reasonable.

6.       **Basis for Recommended Fine:**

The parties agree that an appropriate disposition of the case is a fine of $1,040,000 for defendant ATT based upon the Statement of Facts and the following factors:

    a. the defendant's offense level is determined using § 2C1.1 of the Sentencing Guidelines (effective November 2009) and the defendant's base offense level is 12;

    b. the offense involved more than one bribe, resulting in a two-level upward adjustment pursuant to § 2C1.1(b)(1);

    c. the value of the bribes paid was more than $30,000 but less than $70,000, resulting in a 6-level upward adjustment pursuant to §§ 2C1.1(b)(2) and 2B1.1, resulting in a Sentencing Guidelines Offense level of 20;

    d. the defendant's culpability score is determined using § 8C2.5 of the Sentencing Guidelines and the defendant's base culpability score is 5;

    e. the defendant had ten or more employees, resulting in a one-level upward adjustment pursuant to § 8C2.5(b)(5);

    f. the defendant has taken responsibility for the crimes committed and has cooperated with the government resulting in a two-level downward reduction according to § 8C2.5(g)(2), for a final culpability score of 4;

    g. pursuant to the policy outlined by § 8C4.5 of the Sentencing Guidelines and the circumstance surrounding the crime, the defendant's bribery of a public official should result in the use of the maximum multiplier;

  h. a culpability score of 4 equates to a maximum multiplier of 1.6 pursuant to § 8C2.6;

  i. based on the offense fine table in § 8C2.4, an offense level of 20 corresponds to a fine amount of $650,000 which, when multiplied by 1.6, equates to a total sentence of $1,040,000;

  j. a fine of $1,040,000 is less than twice the gross gain, as defined by 18 U.S.C. § 3571.

7. **Waiver of Duplicity**

The defendant agrees to waive any objection or defense it might have based on the government joining in a single count distinct and separate offenses of bribery. The defendant understands that this waiver is knowingly and voluntarily made after fully conferring with, and on the advice of, its counsel.

8. **Waiver of Presentence Report**

The parties further agree, with the permission of the Court, to waive the requirement for a presentence report pursuant to Federal Rule of Criminal Procedure 32(c)(1)(A), based on a finding by the Court that the record contains information sufficient to enable the Court to meaningfully exercise its sentencing power. However, the parties agree that in the event the Court orders the preparation of a presentence report prior to sentencing, such order will not affect the agreement set forth herein.

9. **Entry of Guilty Plea and Sentencing**

The parties further agree to ask the Court's permission to combine the entry of the plea and sentencing into one hearing. However, the parties agree that in the event the

Court orders that the entry of the guilty plea and sentencing hearing occur at separate hearings, such an order will not affect the agreement set forth herein.

10.     **Waiver of Appeal, FOIA and Privacy Act Rights**

The defendant also understands that Title 18, United States Code, § 3742 affords a defendant the right to appeal the sentence imposed. Nonetheless, the defendant knowingly waives the right to appeal the conviction and any sentence within the statutory maximum described above (or the manner in which that sentence was determined) on the grounds set forth in Title 18, United States Code, § 3742 or on any ground whatsoever, in exchange for the concessions made by the United States in this Plea Agreement. This agreement does not affect the rights or obligations of the United States as set forth in Title 18, United States Code, § 3742(b). The defendant also hereby waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought under the Freedom of Information Act, Title 5, United States Code, § 552, or the Privacy Act, Title 5, United States Code, § 552a.

11.     **Special Assessment**

Before sentencing in this case, the defendant agrees to pay a mandatory special assessment of four hundred dollars ($400.00) per count of conviction.

12.     **Restitution for Offense of Conviction**

The defendant agrees to the entry of a Restitution Order for the full amount of the victims' losses. At this time, the government is not aware that the United States government suffered a loss.

13.     **Payment of Monetary Penalties**

The defendant further agrees to pay into the Court's registry or other designated account the full amount of its criminal fine at the time of sentencing. Furthermore, the defendant agrees to provide all of its financial information to the United States and the Probation Office and, if requested, to participate in a pre-sentencing debtor's examination.

14.     **Breach of the Plea Agreement and Remedies**

This agreement is effective when signed by the defendant's attorney, and an attorney for the United States. The defendant agrees to entry of this Plea Agreement at the date and time scheduled with the Court by the United States (in consultation with the defendant's attorney). If the defendant withdraws from this agreement, or commits or attempts to commit any additional federal, state or local crimes, or intentionally gives materially false, incomplete, or misleading information, or otherwise violates any provision of this agreement, then:

   a.   The United States will be released from all of its obligations under this agreement. The defendant, however, may not withdraw the guilty plea entered pursuant to this agreement;

   b.   The defendant will be subject to prosecution for any federal criminal violation, including, but not limited to, perjury and obstruction of justice, that is not time-barred by the applicable statute of limitations on the date this agreement is signed. Notwithstanding the subsequent expiration of the statute of limitations, in any such prosecution, the defendant agrees to waive any statute-of-limitations defense; and

7

  c. Any prosecution, including the prosecution that is the subject of this agreement, may be premised upon any information provided, or statements made, by the defendant, and all such information, statements, and leads derived therefrom may be used against the defendant. The defendant waives any right to claim that statements made before or after the date of this agreement, including the Statement of Facts accompanying this agreement or adopted by the defendant and any other statements made pursuant to this or any other agreement with the United States, should be excluded or suppressed under Fed. R. Evid. 410, Fed. R. Crim. P. 11(f), the Sentencing Guidelines or any other provision of the Constitution or federal law.

Any alleged breach of this agreement by either party shall be determined by the Court in an appropriate proceeding at which the defendant's disclosures and documentary evidence shall be admissible and at which the moving party shall be required to establish a breach of the Plea Agreement by a preponderance of the evidence.

**15.** **Nature of the Agreement and Modifications**

This Plea Agreement is a portion of a comprehensive agreement ("comprehensive agreement") between the United States, the defendant, and the defendant's counsel. Through the comprehensive agreement, the defendant has resolved its criminal exposure for both bribery (18 U.S.C. § 201) and any other charges the defendant faced based on the Statement of Facts. The defendant and his attorney acknowledge that no threats, promises, or representations have been made, nor agreements reached, other than those set forth in the writings governing the comprehensive agreement, to cause the defendant

to plead guilty. Any modification of this Plea Agreement or the comprehensive agreement shall be valid only as set forth in writing in a supplemental or revised Plea Agreement signed by all parties.

NEIL H. MACBRIDE
United States Attorney

By: _____
Steve Linick
Special Assistant United States Attorney
VA Bar No. 66136
Counsel for the United States
United States Attorney's Office
2100 Jamieson Avenue
Alexandria, Virginia 22314
Phone: 202-353-1630
Fax: 202-514-7021
Email: steve.linick@usdoj.gov

By: _____
Liam Brennan
Trial Attorney
United States Department of Justice
Criminal Division – Fraud Section
CT Juris No. 429013; Federal Bar No. CT27924
1400 New York Ave., NW
Washington, D.C. 20530
Phone: 202-353-7692
Fax: (202) 514-0152
Email: Liam.Brennan@usdoj.gov

Defendant's Signature: As corporate representative for defendant ATT, I have consulted with counsel for the defendant and full understand all rights of the defendant with respect to the pending criminal information. Further, I fully understand all rights with respect to 18 U.S.C. § 3553 and the provisions of the Sentencing guidelines Manual that may apply in this case. I have read this Plea Agreement and carefully reviewed every part of it with counsel for the defendant. I understand this agreement and voluntarily accept it on behalf of the defendant.

Date: 6-7-2010

Mohammad Yosuf
Corporate Representative of ATT

Defense Counsel Signature: I am counsel for the defendant in this case. I have fully explained to the defendant the defendant's rights with respect to the pending information. Further, I have reviewed 18 U.S.C. § 3553 and the Sentencing Guidelines Manual, and I have fully explained to the defendant the provisions that may apply in this case. I have carefully reviewed every part of this Plea Agreement with the defendant. To my knowledge, the defendant's decision to enter into this agreement is an informed and voluntary one.

Date: 6-7-2010

John Brownlee
Counsel for the Defendant

10

## Written Consent of the Stockholders of Afghan Trade Transportation in Lieu of Meeting

The undersigned, being the stockholders of Afghan Trade Transportation, a company registered under the laws of the Islamic Republic of Afghanistan (the "Company"), hereby adopts the following resolutions with the same force and effect as if such resolutions were approved and adopted at a duly constituted meeting of the Stockholders, in accordance with Article 73 of the Corporations and Limited Liability Companies Law of Afghanistan:

WHEREBY, the Company has considered the plea agreement proposed by the United States Department of Justice relating to contracting practices with the U.S. Military in Afghanistan; and

WHEREBY, the Company has reviewed and discussed said plea agreement with its attorneys, John L. Brownlee and David Dempsey;

It is hereby:

RESOLVED, that the Company shall accept said plea agreement with the United States Department of Justice;

RESOLVED, that John L. Brownlee is empowered and has the authority to sign the plea agreement on behalf of the Company; and

RESOLVED, that John L. Brownlee and/or David Dempsey are designated as the Company's representatives for purposes of accepting the plea agreement on behalf of the Company and are authorized to represent the Company in United States District Court in accordance with the provisions of the plea agreement.

Adopted this 6 day of 7 2010.

[signature]

Dubai - 9634.01